ANDREWS, Judge.
This is an appeal by the defendants, I. E. Osborn and Osborn Construction Engineers, Inc., from a summary final decree removing as a cloud on the title on option to purchase given by plaintiff, H. D. H., Inc., to the defendants.
The plaintiff, as seller, entered into a contract to sell certain land to the defendant; to subdivide the same into 46 lots; and provide all streets, sewers and other improvements required by the City of Melbourne and by the Federal Housing Administration. Under the terms of the agreement the entire purchase price of the 46 lots was placed in escrow with the Bank of Melbourne to be disbursed to the contrac *23 tors who would provide the facilities agreed to be provided by the seller. Upon payment for said improvements the balance was to be disbursed to the sellers.
As part of said agreement the seller •agreed to sell to the purchaser additional lots over a period of years; 54 within one year from the closing of the transaction on the sale of the first 46 lots, and 100 each year thereafter until a total of 420 lots had been purchased under said option agreement. The option agreement provided for a deposit on the purchase at the time of the election to purchase and provided means by which the purchaser could assure construction of the improvements necessary to meet the subdivision requirements of the City of Melbourne and the Federal Housing Administration.
The clause in the option agreement which causes the difficulty between the parties is a provision providing that any improvements not fully completed within ninety days, the period within which the purchaser would be required to purchase additional lots, would be extended for a like period •equivalent to the delayed completion of the improvements.
It appears that the purchase of the first 46 lots was completed, although there was some delay in providing the improvements. The purchaser did not elect to purchase the additional 54 lots to which he was entitled during said first year after the closing of the initial transaction, but did exercise said option within one year after the completion of the improvements on the first 46 lots.
The trial court considered the matter on the basis of the complaint, the answer and counterclaim of the defendants, and the affidavits of a number of persons with knowledge of the facts, and found no genuine issue of material fact in dispute.
The purchaser urges that the agreement to purchase and the option agreement were one and the same inasmuch as they were incorporated in the same agreement, and that the meaning and intent of the parties was that the 90-day delay period in the right to exercise the option on the purchase of the additional lots was suspended during any period in which the improvements were not constructed within the times therein provided for in the purchase of the initial 46 lots.
A careful study of the record convinces us that the trial court has properly construed the contract in that the wording is clear and unambiguous to the effect that the option for the purchase of the additional lots was timed to begin upon the closing of the transaction on the initial purchase, and except for said beginning of the running of the time within which the option could be exercised, the agreements were separate and distinct arrangements for the purchase of additional lots in the same subdivision.
As the principle of law is well settled that a court may not hear oral testimony in interpreting a contract which is clear and unambiguous the chancellor did not commit error in entering the summary final decree in favor of plaintiff. Atlas Sewing Center, Inc. v. Belle’s Department Store, Fla.App.1964, 162 So.2d 274.
Affirmed.
ODOM, ARCHIE M., Associate Judge, concurs.
SMITH, C. J., dissents.